Opinion
DYMANT, J.
Plaintiff and appellant Thomas Mundy, a disabled person, sought to recover damages from defendant and respondent Pro-Thro Enterprises for denying him full and equal access to its business location. Following *Supp. 3 a court trial, judgment was entered in favor of respondent. Appellant contends that he was entitled to a judgment as a matter of law and that the court abused its discretion in admitting various items of evidence. We find no basis for relief on appeal and affirm the judgment.
BACKGROUND
On December 22, 2008, appellant filed a complaint against respondent for a violation of the Disabled Persons Act (DPA).[1] The complaint alleged that appellant was confined to a wheelchair, that he patronized a car wash owned by respondent on October 9, 2008, and that when he visited the restroom at the location, he could not use the mirror because it was mounted too high. Appellant sought $1,000 in damages, attorney fees and costs.
On July 10, 2009, appellant filed an amended complaint that added a cause of action under the Unruh Civil Rights Act (the Act),[2] based on the same underlying facts. In his prayer for relief, appellant sought $4,000 in damages, the statutory minimum under the Act. Thereafter, respondent filed an answer generally denying the allegations of the amended complaint.[3]
A court trial was held on February 11, 2010. Appellant testified that he was confined to a wheelchair, that he visited respondent’s car wash on October 9, 2008, and that the restroom mirror was mounted too high for him to use. The only reason appellant needed to use the restroom mirror was to check his appearance. However, there were other reflective surfaces at the location that he could have used for that purpose, including an exterior window and a sales display of rearview mirrors. He did not attempt to use one of these alternatives, nor did he notify respondent about the problem with the height of the restroom mirror on the day of the incident. Subsequently, a full-length mirror was installed in the restroom.
*Supp. 4 Appellant acknowledged that he routinely visits businesses looking for ADA violations, and has filed more than 300 lawsuits alleging such violations. At the time of trial, he was unemployed; however, in 2009, he earned over $100,000 from disability litigation. Appellant did not present any evidence showing that he suffered any actual injury, embarrassment, humiliation, or discomfort as a result of the placement and size of respondent’s restroom mirror.
After the court entered judgment for respondent, appellant filed a timely notice of appeal.
CONTENTIONS ON APPEAL
1. Appellant presented sufficient evidence to establish a violation of the Act and was therefore entitled to a judgment in his favor.
2. The trial court abused its discretion in admitting evidence of other lawsuits filed by appellant.
DISCUSSION
Appellant was not entitled to a judgment, because he failed to present any evidence under section 55.56
In his opening brief, appellant contends that the evidence at trial established an ADA violation which entitled him to a judgment under the Act. In its brief, respondent argues that in order to prove a violation of the Act, appellant was required, but failed, to prove that he was denied full and equal access within the meaning of section 55.56.[4] Respondent asserts that because appellant failed to offer any evidence showing that the violation caused him difficulty, discomfort, or embarrassment, he did not prove all of the elements necessary to obtain a judgment. The record, which is in the form of a *Supp. 5 statement on appeal, reflects that appellant did not offer any such evidence. Appellant did not file a reply brief, and his opening brief does not discuss the requirements and/or applicability of section 55.56.
Our resolution of this appeal turns on whether appellant was required to make a showing under section 55.56. If section 55.56 was applicable, then it was necessary for appellant to prove that he was denied full and equal access when he personally encountered an ADA violation. (§ 55.56, subd. (b).) Denial of such access may be proved by showing that appellant experienced difficulty, discomfort, or embarrassment as a result of personally encountering the ADA violation. (§ 55.56, subd. (c).) Because the applicability of section 55.56 is an issue of law rather than one involving the resolution of disputed facts, we apply the de novo standard of review. (Garcia v. Superior Court (2009) 177 Cal.App.4th 803, 813 [99 Cal.Rptr.3d 488].)
Section 55.56 is part of a comprehensive statutory scheme that was enacted in 2008 with the intent of increasing voluntary compliance with equal access standards “while protecting businesses from abusive access litigation.” (Munson v. Del Taco, Inc. (2009) 46 Cal.4th 661, 677 [94 Cal.Rptr.3d 685, 208 R3d 623]; see §§ 55.3-55.57.) The provisions in sections 55.51 through 55.57 apply only to a “construction-related accessibility claim” (§ 55.51), which is defined as a violation of a “construction-related accessibility standard” under federal or state law (§ 55.52, subd. (a)(1), (6)). A mirror that is mounted too high to be used by a person in a wheelchair is an architectural barrier that potentially violates a federal construction-related accessibility standard and therefore raises a construction-related accessibility claim. (42 U.S.C. § 12182(b)(2)(A)(iv); 28 C.F.R. § 36.304(b)(16) (2010).) The claim in this case therefore fell within the purview of sections 55.51 through 55.57.
In addition to the requirement that a claim be construction related for section 55.56 to apply, such claim must also have been “filed on or after January 1, 2009.” (§ 55.57, subd. (a).)[5] Appellant filed his original complaint containing a DPA claim on December 22, 2008. He filed an amended complaint on July 10, 2009, which added an Act claim. Because it was filed after January 1, 2009, the Act claim, which is the only one at issue in this appeal, was subject to the requirements of section 55.56. Accordingly, to prevail on the Act claim, appellant was required to prove that he was denied full and equal access after personally encountering an ADA violation.
*Supp. 6 In deciding whether appellant met his burden of proof, the trial court was allowed to consider whether he offered any evidence showing that the violation caused him difficulty, discomfort, or embarrassment. Since appellant offered no such evidence, he was not entitled as a matter of law to have the court find that he had been denied full and equal access due to the placement of the restroom mirror. The court therefore did not err in entering judgment for respondent.

Appellant has failed to show that the court’s evidentiary rulings were an abuse of discretion

Appellant contends that the court erroneously admitted evidence that he previously filed more than 300 similar lawsuits, that he was unemployed and earned his living as a disability plaintiff, that he failed to give respondent prelitigation notice of the violation, and that he failed to request that the violation be corrected.
We reject his contention for several reasons. First, the record reflects that appellant objected in the trial court to the admission only of the evidence concerning the prior lawsuits. In order to preserve a claim of evidentiary error for appellate review, the appealing party must make a contemporaneous and specific objection in the trial court. (Evid. Code, § 353, subd. (a).) Appellant’s failure to object to evidence concerning his employment status, absence of prelitigation notice, and lack of a correction request, forfeits his claim on appeal that such evidence was improperly admitted. (Estate of Odian (2006) 145 Cal.App.4th 152, 168 [51 Cal.Rptr.3d 390].)
With respect to the court’s ruling that was preserved for appeal—the admission of evidence showing that appellant had filed a substantial number of similar lawsuits—we apply the deferential abuse of discretion standard of review. (Dart Industries, Inc. v. Commercial Union Ins. Co. (2002) 28 Cal.4th 1059, 1078 [124 Cal.Rptr.2d 142, 52 P.3d 79].) However, even if the court’s ruling was an abuse of its discretion, reversal of the judgment is not warranted unless the error resulted in a miscarriage of justice. (Evid. Code, § 353, subd. (b).) Appellant has failed to show the requisite prejudice in this case, i.e., that but for the admission of the prior lawsuit evidence, he would have obtained a more favorable outcome. (Huffman v. Interstate Brands Corp. (2004) 121 Cal.App.4th 679, 692 [17 Cal.Rptr.3d 397].) Given the nature of the ADA violation that was involved in this case and appellant’s failure to offer any evidence that it caused him to experience difficulty, discomfort or embarrassment, he has not demonstrated that a more favorable outcome would have been likely had the evidence of his past lawsuits been excluded.
*Supp. 7 The judgment is affirmed. Respondent to recover its costs on appeal.
McKay, P. J., and Kumar, J., concurred.

The DPA, which is set forth in Civil Code sections 54 and 54.1, generally guarantees persons with disabilities the right to full and equal access to places of public accommodation, and makes any violation of the Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.; hereafter ADA) a violation of the DPA.
All further statutory references are to the Civil Code unless otherwise indicated.

The Act is set forth in section 51 et seq., and prohibits businesses from discriminating against any individual on the basis of factors including sex, race, religion, national origin, and disability. Any violation of the ADA is also a violation of the Act. (§ 51, subd. (f).)

The proof of service as to the original complaint was not filed until shortly before the filing of the amended complaint. Thus, respondent did not file an answer to the original complaint.

Under section 55.56, a plaintiff alleging a violation of either the Act or the DPA may recover statutory damages only if the violation denied him or her “full and equal access to the place of public accommodation on a particular occasion.” (§ 55.56, subd. (a).) A plaintiff is denied full and equal access either by personally encountering the violation or being deterred thereby from accessing the location. (§ 55.56, subd. (b).) “A violation personally encountered by a plaintiff may be sufficient to cause a denial of full and equal access if the plaintiff experienced difficulty, discomfort, or embarrassment because of the violation.” (§ 55.56, subd. (c), italics added.)

Section 55.57, subdivision (a) provides as follows: “This part [(§ 55.55 et seq.)] shall apply only to claims filed on or after January 1, 2009. Nothing in this part is intended to affect litigation filed before that date, and no inference shall be drawn from provisions contained in this part concerning the state of the law as it existed prior to January 1, 2009.”