**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 19 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY DORAN, | No. 11-55031 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00067-JVS-AN |
| v. | |
| 7-ELEVEN, INC., DBA 7-Eleven, | MEMORANDUM[*] |
| Defendant - Appellee. | |

| | |
|---|---|
| JERRY DORAN, | No. 11-55619 |
| Plaintiff - Appellant, | D.C. No. 8:09-cv-00067-JVS-AN |
| v. | |
| 7-ELEVEN, INC., | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted February 5, 2013[]
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Jerry Doran appeals the district court's entry of judgment as a matter of law in favor of 7-Eleven, Inc. He also appeals the district court's award of costs and attorneys' fees to 7-Eleven. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

**1.** After encountering several alleged violations of the Unruh Civil Rights Act, Cal. Civ. Code § 51, and the California Disabled Persons Act ("CDPA"), Cal. Civ. Code §§ 54–55.32, at a 7-Eleven store, Doran sued for statutory damages. The district court properly granted judgment as a matter of law to 7-Eleven because Doran failed to satisfy the requirements in the 2009 Construction Related Accessibility Standards Compliance Act ("CRAS"), Cal. Civ. Code §§ 55.51–55.57. Doran offered no evidence that he was deterred from accessing the 7-Eleven, Cal. Civ. Code § 55.56(b), nor did he prove that he personally encountered the violation and "experienced difficulty, discomfort, or embarrassment because of the violation." Cal. Civ. Code §

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We previously denied Doran's Request to Take Judicial Notice, filed on October 12, 2012.

55.56(c). Indeed, he stipulated that he suffered no physical or emotional harm from encountering the alleged violations. A claimant who offers no such evidence is "not entitled as a matter of law" to recover statutory damages under the CRAS. *Mundy v. Pro-Thro Enters.*, 121 Cal. Rptr. 3d 274, 278 (Cal. App. Dep't Super. Ct. 2011); *see also Munson v. Del Taco*, 208 P.3d 623, 633–34 (Cal. 2009) (noting that the CRAS was intended to protect "businesses from abusive access litigation" and "impose limitations on damages"). By the same token, he is not entitled to recover statutory damages under the Unruh Act or the CDPA. *See* Cal. Civ. Code § 55.56(a).

**2.** The district court properly awarded costs to 7-Eleven. Federal Rule of Civil Procedure 54(d)(1) requires that a prevailing party be awarded costs "[u]nless a federal statute . . . provides otherwise." This case involved only state law claims, and the CDPA's incorporation by reference of the ADA does not cause the ADA to govern the costs award. Indeed, had this suit been filed in state court, California law would also require a costs award. *See* Cal. Civ. Proc. Code § 1032(b).

**3.** The district court did not abuse its discretion in ordering Doran's attorney to pay the fees 7-Eleven incurred in compelling his client's deposition as a sanction under 28 U.S.C. § 1927. The attorney not only unjustifiably required 7-Eleven to

3

move to compel the deposition but also unreasonably twice sought review of the magistrate's order granting the motion.

**AFFIRMED.**

4